BRACKEN *v.* HENSON.

4-8153                                                      201 S. W. 2d 580

Opinion delivered April 28, 1947.

*Arthur Sneed* and *L. V. Rhine,* for appellant.

*Verlin E. Upton,* for appellee.

SMITH, J. Appellee, Marie Henson, filed this suit to recover possession of a lot containing slightly less than an acre, which she described in her complaint as follows: ''Part of the northwest fourth of the northeast fourth of section 26, township 19 north, range 7 east; more particularly described as lot 4, of Lafflar's survey to the city of Rector, Arkansas.'' An answer was filed raising the issues herein discussed, and on motion of the defendant the cause was transferred to equity, where a decree was rendered in plaintiff's favor, from which is this appeal.

By an unbroken chain of conveyances defendant, appellant here, deraigned title from the United States Government under identical descriptions in the numerous deeds in the chain of title, to a certain parcel of land, reading as follows: ''A part of the west half of the northwest quarter (NW ¼) · of the northeast quarter (NE ¼) of section twenty-six (26), township nineteen (19) north, range seven (7) east, described as follows, to-wit: Commencing at the northwest corner of the northeast quarter (NE ¼) of said section twenty-six (26) running thence east 40 rods, thence south fifty-eight (58) rods, to the true place of beginning thence west 210 feet;

thence north 210 feet, thence east 210 feet; thence south 210 feet to the place of beginning.''

It appears there had been a survey of an addition to the town of Rector, the plat of which described four certain lots as lots 1, 2, 3, and 4 of block 3 of Bolton's Addition to the town of Rector, but that survey did not include the lot here in litigation. This lot last referred to, was assessed for taxation under the description, ''Pt. northwest quarter, northeast quarter, section 26, township 19 north, range 7 east, 1 acre,'' and forfeited to the state under that description for the nonpayment of the 1930 taxes assessed against it.

On October 13, 1944, the State Land Commissioner for the recited consideration of $171.69 issued a redemption deed to Barbria Bracken, appellant here, which recited that, ''This deed is issued in accordance with the description contained in the quitclaim deed from Minnesota Yates, an unmarried person, to Barbria Allen Bracken on November 14, 1939.'' This deed employed the description appearing in all the deeds in the chain of title and recited that it covered ''the taxes, penalty and costs due thereon and for which the same was sold, and expenses incurred by the state amounting to the sum of $14.13, and the taxes that would have accrued thereon subsequent to said sale (to the state) from the date of such sale to the present time, making in the aggregate the sum of $171.69 from which amount no dollars and no cents of such subsequent taxes is deducted, the same having been paid heretofore to the proper officials of said county. . . .''

The lot here in question, was assessed under the description of ''Part of section.'' Under many decisions of this court this was a void description, and no valid sale for taxes could ever be had under that description. Accordingly a survey was made by the county surveyor for the purpose of putting this and other property on the tax books under a valid description.

This survey referred to as the Lafflar survey was made under the authority of § 13695, Pope's Digest, and

a plat thereof was duly recorded with the explanatory field notes, as authorized and required by other sections of the statute.

The relevant portions of § 13695, Pope's Digest, read as follows: "It shall be the duty of each assessor to make out, from such sources of information as shall be in his power, a correct and pertinent description of each tract or lot of real property in his county, so that the same can be identified and distinguished from any other tracts or parts of tracts, and he shall place a value on each subdivision of a block and the improvements thereon in cities and towns, or additions thereto, notwithstanding the fact that one individual owns the whole block. And when he shall deem it necessary to obtain an accurate description of any separate tract or lot in his county, he may require the owner or occupier thereof to furnish the same with any title papers he may have in his possession, and if such owner or occupier, upon demand made for the same, shall neglect or refuse to furnish a satisfactory description of such parcel of real property to such assessor, he may employ the county surveyor to make out a description of the boundaries and location thereof, and a statement of the quantity of land therein, and the expense of such survey shall be returned by such assessor to the clerk of the county court, who shall add the expense of such survey to the tax assessed upon such real property, and it shall be collected by the collector of the county with such tax, . . ."

A tax sale based upon a description contained in the Lafflar Survey was upheld in the case of *Holt* v. *Reagan*, 201 Ark. 1101, 148 S. W. 2d 155, but it was not shown in that case that the description of the property sold for taxes was not properly identified and described by the survey.

The purpose of this statute is to furnish descriptions of lands and lots assessed for taxation so that they may be identified by reference to the plat of the survey which has become a public record. The survey is to be made of the lands and lots in place, and to that end the landowner

may be required to exhibit his title papers so that an accurate map thereof may be made. The surveyor has no right or authority to ignore the existing boundary lines. On the contrary, it is his duty to make a survey conforming to the boundary lines and to make and have recorded a plat showing the survey thereof.

For some reason the surveyor ignored the existing boundary lines of appellant's lot which had been described in numerous deeds' in her chain of title, all of which were of record. These conveyances described her lot as set out above. The survey should have conformed to this description, and the lot thus surveyed should have been given a number on the plat of the survey. Had that been done the lot thus numbered should have been placed on the tax books, and an assessment of the taxes thereon and a sale for the nonpayment of the taxes under that description would have been valid. Such was the holding in the case of *Holt* v. *Reagan, supra.*

The plat of the Lafflar Survey and the field notes accompanying it ignore the valid description of appellant's lot. A line projected south 58 rods from the northwest corner of the northeast quarter of section 26, would extend into what was surveyed as lot 4, but would not include it all or reach to its south boundary. Moreover, the survey of the west boundary of lot 4, as shown by the plat thereof, extends into and slices off 50 feet of lots 1, 2, 3, and 4 according to an outstanding survey.

When the Lafflar Survey was made, lot 4, according to that survey, was placed on the tax books, and was sold for the nonpayment of the taxes assessed against it for the year 1935. This forfeiture was certified to the state, and, on January 3, 1944, the State Land Commissioner, for the consideration of $5.39, including the cost of the deed, executed a deed to appellee, Mrs. Henson, for lot 4, which recited its forfeiture to the state for nonpayment of the 1935 taxes assessed against it. This suit is based on that deed.

This deed and the sale on which it was based are void as to the lot here in litigation for the reason that the

survey was made in a manner not authorized by law. There is authority which we sustained in the case of *Holt* v. *Reagan, supra,* to make a survey of the lands and lots owned by each and every landowner in an area which cannot be properly assessed for want of a valid description, but there is no authority to change the description of a person's land so that it cannot be identified by reference to his title papers.

We do not hold that an error in one respect would invalidate the survey of other lots properly surveyed, and which would not confuse or render uncertain the description of other lots; but a survey is invalid which ignores the boundaries as defined in the title papers of the property owners. In other words, the property must be surveyed as it exists and is found to be.

The decree will, therefore, be reversed, and the Commissioner's deed to lot 4 will be canceled for the reason that it is based upon invalid survey, and the cause will be remanded with directions to enter a decree in accordance with this opinion.